# Exhibit 1



Christen Ager-Hanssen
27 South Eaton Place
Belgravia
London
SW1W 9EL

**Advance copy by email**

**Our ref COHU/EDN**

CMS Cameron McKenna Nabarro Olswang LLP

Saltire Court
20 Castle Terrace
Edinburgh EH1 2EN

**DX** 553001, Edinburgh 18
**Legal Post** LP-2, Edinburgh 6

**T** +44 131 228 8000
**F** +44 131 228 8888

cms.law

**T** +44 131 200 7517
**E** colin.hutton@cms-cmno.com

30 September 2023

Dear Mr Ager-Hanssen

**Consulting Agreement dated 17 March 2023**
**Termination Notice dated 27 September 2023**

1. We act on behalf of HEH Holding AG (FL-0002.645.989) ("**HEH**").

2. We refer to the Consulting Agreement dated 17 March 2023 between you, nChain AG (CHE-423.067.388) ("**nChain AG**") and HEH (the "**Consulting Agreement**") and the for cause Termination Notice dated 27 September 2023 (the "**Termination Notice**"). Terms in this letter have the same meaning as in the Consulting Agreement unless defined otherwise.

3. Further to the Termination Notice, HEH reminds you of your continuing obligations under the Consulting Agreement and continuing duties as a former director of nChain UK Limited (09823112) ("**nChain UK**"), Box View Limited (15036565) ("**Box View**") and Bjorn IP Holdings Limited (14436105) ("**Bjorn IP**").

**The Consulting Agreement**

*General obligations*

4. During your appointment, you were required *inter alia* to:

   *"(a) abide by any statutory, fiduciary or common-law duties applicable to his function within the Group;*

   *(b) at all times act in the best interests of the Group, in the way he considers in good faith, reasonably most likely to promote the success of the Group and its shareholders in*

CMS Cameron McKenna Nabarro Olswang LLP is a limited liability partnership registered in England and Wales with registration number OC310335. It is a body corporate which uses the word "partner" to refer to a member, or an employee or consultant with equivalent standing and qualifications. It is authorised and regulated by the Solicitors Regulation Authority of England and Wales with SRA number 423370 and by the Law Society of Scotland with registered number 47313. A list of members and their professional qualifications is open to inspection at the registered office, Cannon Place, 78 Cannon Street, London EC4N 6AF. Members are either solicitors, registered foreign lawyers, patent attorneys or otherwise legally qualified. VAT registration number: 974 899 925. Further information about the firm can be found at cms.law

CMS Cameron McKenna Nabarro Olswang LLP is a member of CMS Legal Services EEIG (CMS EEIG), a European Economic Interest Grouping that coordinates an organisation of independent law firms. CMS EEIG provides no Client services. Such services are solely provided by CMS EEIG's member firms in their respective jurisdictions. CMS EEIG and each of its member firms are separate and legally distinct entities, and no such entity has any authority to bind any other. CMS EEIG and each member firm are liable only for their own acts or omissions and not those of each other. The brand name "CMS" and the term "firm" are used to refer to some or all of the member firms or their offices. Further information can be found at cms.law

Notice: the firm does not accept service by e-mail of court proceedings, other processes or formal notices of any kind without specific prior written agreement.

UK - 685407260.6



*accordance with all statutory, fiduciary and/or common law duties applicable to his position(s)."* (Clause 3.2)

5. Additionally, you undertook the specific duties of confidence set out in clause 8:

    *"The Consultant acknowledges that in the course of the Appointment he or she will have access to Confidential Information. The Consultant acknowledges the importance of maintaining the security and confidentiality of Confidential Information, both during the term of engagement and indefinitely after the engagement ends. The Consultant has therefore agreed to accept the restrictions in [this] Section 8."*

6. HEH is investigating the events that occurred at the nChain premises in London on 27 September 2023. Pending the conclusion of its investigation into your conduct and involvement in these events, HEH reserves its position entirely regarding your compliance with these specific obligations and with your obligations and duties more generally.

<u>Obligations upon termination</u>

7. Pursuant to the terms of the Consulting Agreement, and in addition to the Post-Termination Restrictions set out at clause 13, you were required to take certain actions and remain bound by certain obligations.

    7.1. Specifically, clause 12 provides:

    **"12. OBLIGATIONS UPON TERMINATION**

    *12.1 On Termination of the Appointment (howsoever arising) or, if earlier, at the start of a period of Garden Leave or following the service of notice or purported termination of the Appointment by the Consultant, the Consultant shall:*

    *(a) transfer without payment to the Company or as it may direct any shares or other securities held by him or her in the Company as a nominee or trustee for the Company and deliver to the Company the related certificates,*

    *(b) immediately deliver to the Company all documents, books, materials, records, correspondence, papers and information (on whatever media and wherever located) relating to the business or affairs of the Group or their business contacts, any keys, credit card and any other property of the Group, which is in his or her possession or under his or her control,*

    *(c) irretrievably delete any information relating to the business of the Group stored on any magnetic or optical disk or memory and all matter derived from such sources which is in his or her possession or under his or her control outside the Company's premises, and*

    *(d) provide a signed statement that he or she has complied fully with his or her obligations under this Section 12."*

    7.2. To date HEH is unaware of any steps being taken by you to discharge these obligations. Please note that, given the circumstances of the termination of the Consulting Agreement and your subsequent actions, we comment specifically upon clause 12.1(c) below.



7.3. Further, pursuant to clause 8.5 (incorrectly designated as 11.5), you have agreed that:

"… upon the earlier of a request by the Company or the Termination by either party for any reason, the Consultant shall immediately return to the Company in good condition, all the Group property that is within the Consultant's possession or control, including any information used or distributed by any Group company, equipment, supplies, designs, keys, books, records, reports, files, manuals, all Confidential Information and all documents and data in connection with the Group's activities which are in the Consultant's possession or control. In addition, the Consultant agrees that, upon the earlier of a request by the Company or the Termination by either party for any reason, the Consultant shall immediately provide the Company with any passwords, codes, etc. relating to any business of the Group."

7.4. Pursuant to clause 8.6 (incorrectly designated as clause 11.6), you have agreed that:

"The Consultant covenants both during the Appointment and after Termination not to make any adverse or derogatory comment about the Group, its officers, employees or workers and the Consultant shall not do anything which shall, or may, bring any Group company, its officers, employees or workers into disrepute. The Group shall use reasonable endeavours to ensure that its officers, employees and workers shall not make any adverse or derogatory comment about the Consultant or do anything that shall, or may, bring him or her into disrepute."

7.5. Pursuant to clause 9.4(b), you have agreed that:

"*at the Company's request and in any event on Termination to give to the Company all originals and copies of correspondence, documents, papers and records on all media which record or relate to any of the Engagement IPRs*".

8. HEH is aware that, subsequent to the for cause termination of the Consulting Agreement, you have posted numerous comments on social media that breach both your ongoing duties of confidence and clause 8.6.

9. For example, we have enclosed a copy of a post by you at 4:44pm on 30 September 2023 which included extracts from a document that clearly include information that is confidential. More generally it appears to HEH that the tenor and contents of your posts are, contrary to clause 8.6, intended to cause harm.

10. HEH reserves its position fully in this regard and requests that you immediately desist from any further breach of confidence or clause 8.6.

*Request for information and return of property*

11. HEH hereby requests that you comply with clauses 8.5, 9.4(b) and 12.1 (b) and (d) of the Consulting Agreement by 12 noon on Tuesday 3 October 2023. Please ensure that all information and property is returned to CMS Cameron McKenna Nabarro Olswang LLP, Cannon Place, 78 Cannon Street, London EC4N 6AF, marked: "**Private & Confidential, FAO: Colin Hutton, colin.hutton@cms-cmno.com**".

12. As indicated above, HEH continues to investigate your conduct. Accordingly, in respect of clause 12.1.(c), you are required not to undertake any deletion or destruction meantime and until you receive



further instruction from HJEH to do so. In addition, please note that you should take proper and appropriate steps to ensure that no relevant documents, including electronic documents, that are in your control are altered, lost, destroyed or disposed of, in accordance with your duties under the Civil Procedure Rules and specifically Practice Direction 57AD.

*Acknowledgement of Obligations*

13. HEH requires significant and tangible assurance from you that you will abide by your obligations going forward.

14. Therefore, as a matter of urgency, and in accordance with clause 12(1)(d), please sign and return the acknowledgement at Appendix 1 below by no later than 12 noon on Tuesday 3 October 2023.

**Obligations in Respect of Group Companies**

15. HEH also reminds you of your obligations as a director of nChain UK, Box View and Bjorn IP (together the "**Companies**"). Your role as a director meant that you owed statutory fiduciary duties to the Companies.

16. Specifically, we refer you to your duties under section 172 of the Companies Act 2006:

> *"(1) A director of a company must act in the way he considers, in good faith, would be most likely to promote the success of the company for the benefit of its members as a whole, and in doing so have regard (amongst other matters) to–*
>
> > *(a) the likely consequences of any decision in the long term,*
> >
> > *(b) the interests of the company's employees,*
> >
> > *(c) the need to foster the company's business relationships with suppliers, customers and others,*
> >
> > *(d) the impact of the company's operations on the community and the environment,*
> >
> > *(e) the desirability of the company maintaining a reputation for high standards of business conduct, and*
> >
> > *(f) the need to act fairly as between members of the company.*
>
> *(2) Where or to the extent that the purposes of the company consist of or include purposes other than the benefit of its members, subsection (1) has effect as if the reference to promoting the success of the company for the benefit of its members were to achieving those purposes.*
>
> *(3) The duty imposed by this section has effect subject to any enactment or rule of law requiring directors, in certain circumstances, to consider or act in the interests of creditors of the company."*

17. HEH is also investigating your conduct as a director and, again, reserves its position fully in this regard.

18. We recommend that you take urgent legal advice on the contents of this letter.



19. We look forward to hearing from you. In the meantime, HEH's rights remain reserved in full and unconditionally.

Yours sincerely

**CMS Cameron McKenna Nabarro Olswang LLP**



# APPENDIX 1

## ACKNOWLEDGMENT

With the exception of clause 12.1(c), I have complied with, and will continue to comply with, the obligations incumbent upon me in the Consulting Agreement, and all ongoing obligations incumbent upon me as a former director of the Companies.

I have returned to all property and information as requested in the letter from CMS dated 30 September.

Signed:
**Christen Ager-Hanssen**

Date: