# Exhibit 3

**IN THE HIGH COURT OF JUSTICE**   Claim No. CL-2023-000745

**BUSINESS AND PROPERTY COURTS OF ENGLAND & WALES**

**COMMERCIAL COURT (KBD)**

Before: Mr Charles Hollander KC (sitting as a Deputy Judge of the High Court)

(sitting in private)

Dated: 27 October 2023

BETWEEN:

### HEH HOLDING AG

**Claimant / Applicant**

and

### MR CHRISTEN EUGEN AGER-HANSSEN

**Defendant / Respondent**

### PENAL NOTICE

**IF YOU MR CHRISTEN EUGEN AGER-HANSSEN DISOBEY THIS ORDER YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED OR FINED OR HAVE YOUR ASSETS SEIZED.**

**ANY PERSON WHO KNOWS OF THIS ORDER AND DISOBEYS THIS ORDER OR DOES ANYTHING WHICH HELPS OR PERMITS ANY PERSON TO WHOM THIS ORDER APPLIES TO BREACH THE TERMS OF THIS ORDER MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.**

### NOTICE TO ANYONE WHO KNOWS OF THIS ORDER

**You should read the terms of the Order and the Practice Guidance on Interim Non- Disclosure Orders very carefully. You are advised to consult a solicitor as soon as possible. This Order prohibits you from doing the acts set out in Paragraph 4 of the Order and obliges you to do the**

**acts set out in Paragraph 6 of the Order. You have the right to ask the Court to vary or discharge the Order. If you disobey this Order you may be found guilty of contempt of court and you may be sent to prison or fined or your assets may be seized.**

**ORDER OF MR CHARLES HOLLANDER KC**

1. This is an Injunction, with other orders as set out below, made against the Defendant on 27 October 2023 by the Judge identified above (the **Judge**) on the application (the **Application**) of the Claimant. The Judge:

    1.1. read the witness statement referred to in Schedule A at the end of this Order; and

    1.2. accepted the undertakings set out in Schedule B at the end of this Order.

    1.3. considered the provisions of the Human Rights Act 1998, section 12.

2. This Order was made at a hearing on notice to the Defendant, being the return date fixed pursuant to paragraph 3 of the order of Henshaw J dated 13 October 2023. The Defendant (and anyone served with or notified of this Order) has a right to apply to the Court to vary or discharge the Order (or so much of it as affects them): see paragraph 13 below.

Injunction

3. In this Order, **Confidential Information** shall mean any and all information, data or documentation, in whatever form, disclosed to the Defendant directly or indirectly by the Claimant or a third party designated by the Claimant, whether orally, in writing, electronically or in any other means pertaining to the business of the Claimant and/or of the nChain group of companies, including any trade secrets, technical or business information, know-how, knowledge or data relating to the nChain group's past, present, planned or foreseeable business or technology.

4. Until after trial or further order in the meantime, without prejudice to his entitlement to apply to set aside or vary this Order without showing a material change of circumstances and subject to paragraph 6 below, the Defendant must not use, publish or communicate or disclose to any other person (other than (i) by way of disclosure to legal advisers instructed in relation to these proceedings (the **Defendant's legal advisers**) for the purpose of obtaining legal advice in relation to these proceedings or (ii) for the purpose of carrying this Order into effect):

    4.1. the document dated 26 September 2023 and entitled "The Fairway Brief" (the **Report**);

    4.2.  all or any part of the attachments (the **Attachments**) to the Report; or

    4.3.  any other Confidential Information within the Defendant's possession or control,

5.  The Defendant may, for the purpose of applying to set aside or vary this Order and/or for the purpose of preparing any such application:

    5.1.  Make personal use of Confidential Information that is in his possession or control.

    5.2.  After having served them with a copy of this Order and having drawn their attention to Schedule C of this Order, disclose the Report and the Attachments to and discuss their contents with the following individuals:

        a.  Zafar Ali KC;
        b.  Lars-Jacob Bo;
        c.  Andy Moody;
        d.  Peter Coulson;
        e.  David Brookes; and/or
        f.  James Marchant.

<u>Provision of information and affidavit</u>

6.  By 4pm on 3 November 2023, the Defendant shall swear and serve on the Claimant's legal advisors an affidavit setting out the following information to the best of his ability:

    6.1.  What Confidential Information he has made available to the public since 27 September 2023, and how he made that information so available.

    6.2.  The identities of all persons to whom the Defendant has provided Confidential Information since 27 September 2023.

<u>Protection of hearing papers</u>

7.  The Defendant must not publish or communicate or disclose or copy or cause to be published or communicated or disclosed or copied any witness statements and any exhibits thereto and Confidential Information contained therein that are made, or may subsequently be made, in support of the Application or the Claimant's solicitors' notes of the hearing of the Application (the **Hearing Papers**), provided that the Defendant shall

    be permitted to copy, disclose and deliver the Hearing Papers to the Defendant's legal advisers for the purpose of these proceedings.

8. The Hearing Papers must be preserved in a secure place by the Defendant's legal advisers on the Defendant's behalf.

9. The Defendant shall be permitted to use the Hearing Papers for the purpose of these proceedings provided that the Defendant's legal advisers shall first inform anyone, to whom the said documents are disclosed, of the terms of this Order and, so far as is practicable, obtain their written confirmation that they understand and accept that they are bound by the same.

Hearing in private

10. The Judge considered that it was strictly necessary, pursuant to CPR 39.2(3)(a), (c) and (g), to order that the hearing of the Application be in private and there shall be no reporting of the same.

Public domain

11. For the avoidance of doubt, nothing in this Order shall prevent the Defendant from publishing, communicating or disclosing such of the Confidential Information, or any part thereof, as was already in, or that thereafter comes into, the public domain in England and Wales as a result of publication in the national media (other than as a result of a breach of this Order or a breach of confidence or privacy).

Costs

12. The following costs are reserved generally with permission to apply:

   12.1. The costs of the Claimant's application for injunctive relief dated 13 October 2023.

   12.2. The costs of the Defendant's application for an extension of time dated 20 October 2023.

   12.3. The costs of the Claimant's application for a continuation of the injunctive relief dated 20 October 2023.

Variation or discharge of this Order

13. The parties or anyone affected by any of the restrictions in this Order may apply to the Court at any time to vary or discharge this Order (or so much of it as affects that person), but they must first give written notice to the Claimant's solicitors. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Claimant's solicitors in advance. The Defendant may agree with the Claimant's solicitors and any other person who is, or may be bound by this Order, that this Order should be varied or discharged, but any agreement must be in writing.

Interpretation of this Order

14. The Defendant must not do the acts set out in paragraph 4 above himself or in any other way. He must not do them through others acting on his behalf or on his instructions or with his encouragement.

Persons outside England and Wales

15. Except as provided in paragraph 16 below, the terms of this Order do not affect or concern anyone outside the jurisdiction of this Court.

16. The terms of this Order will affect the following persons in a country or state outside the jurisdiction of this Court:

    16.1. the Defendant or his officer or agent appointed by power of attorney;

    16.2. any person who –

        16.2.1. is subject to the jurisdiction of this Court;

        16.2.2. has been given written notice of this Order at his residence or place of business within the jurisdiction of this Court; and

        16.2.3. is able to prevent acts or omissions outside the jurisdiction of this Court which constitute or assist in a breach of the terms of this Order; and

    16.3. any other person, only to the extent that this Order is declared enforceable by or is enforced by a court in that country or state.

Effect of this Order on parties other than the Claimant and the Defendant

17. It is a contempt of court for any person notified of this Order knowingly to assist in or permit a breach of this Order. Any person doing so may be imprisoned, fined or have their assets seized.

Name and address of the Claimant's legal representatives

18. The Claimant's solicitors are:

    **CMS Cameron McKenna Nabarro Olswang LLP** of Saltire Court, 20 Castle Terrace, Edinburgh EH1 2EN, United Kingdom.

Communications with the Court

19. All communications to the Court about this Order should be sent to:

    Admiralty and Commercial Court Listing Office, 7 Rolls Building, Fetter Lane, London EC4A 1NL quoting the case number. The telephone number is 020 7947 6826.

**SCHEDULE A**

The Claimant relied on the following witness statements:

1. The first witness statement of William Anderson dated 13 October 2023.

2. The second witness statement of William Anderson dated 23 October 2023.

3. The third witness statement of William Anderson dated 25 October 2023.

**SCHEDULE B**

**UNDERTAKINGS GIVEN TO THE COURT BY THE CLAIMANT**

1. If the Court later finds that this Order has caused loss to the Defendant, and decides that the Defendant should be compensated for that loss, the Claimant will comply with any order the Court may make.

2. If the Court later finds that this Order has caused loss to any person or company (other than the Defendant) to whom the Claimant has given notice of this Order, and decides that such person should be compensated for that loss, the Claimant will comply with any Order the Court may make.

3. If this Order ceases to have effect or is varied, the Claimant will immediately take all reasonable steps to inform in writing anyone to whom it has given notice of this Order, or whom it has reasonable grounds for supposing may act upon this Order, that it has ceased to have effect in this form.

**SCHEDULE C**

Pursuant to paragraph 5.2 of the Order, for the purpose of applying to set aside or vary this Order and/or for the purpose of preparing any such application, the Defendant has permission to disclose the Report and the Attachments to and discuss their contents with: Zafar Ali KC, Lars-Jacob Bo, Andy Moody, Peter Coulson, David Brookes and/or James Marchant.