# Exhibit 4

IN THE HIGH COURT OF JUSTICE            Claim No. CL-2023-000745

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

**COMMERCIAL COURT (KBD)**

Before: the Honourable Mr Justice Henshaw
Dated: 19 January 2024

BETWEEN:

**HEH HOLDING AG**

**Claimant / Applicant**

and

**CHRISTEN EUGEN AGER-HANSSEN**

**Defendant / Respondent**

---

**ORDER**

---

**PENAL NOTICE**

**IF YOU MR CHRISTEN EUGEN AGER-HANSSEN DISOBEY THIS ORDER YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED OR FINED OR HAVE YOUR ASSETS SEIZED.**

**ANY PERSON WHO KNOWS OF THIS ORDER AND DISOBEYS THIS ORDER OR DOES ANYTHING WHICH HELPS OR PERMITS ANY PERSON TO WHOM THIS ORDER APPLIES TO BREACH THE TERMS OF THIS ORDER MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.**

**UPON** the Claimant's application, by application notice dated 2 November 2023 ('**the Claimant's Application**')

**AND UPON** the Defendant's application, by application notice dated 20 October 2023, for an extension of time for complying with the Order of Henshaw J dated 13 October 2023 ('**the Defendant's Application**')

1

**AND UPON** the Court dismissing the Defendant's Application, by the Order of Cockerill J dated 24 October 2023, with costs reserved

**AND UPON** hearing Counsel for the Claimant and the Defendant not being represented or appearing in person

**AND UPON** the Defendant's email of 19 January 2024, timed at 10.28am, which the Court treated as an application for an adjournment ('**the Defendant's Adjournment Application**')

**AND UPON** reading the evidence referred to in Schedule A to this Order

**AND UPON** the Court accepting the undertakings set out in Schedule B to this Order

**IT IS ORDERED THAT:**

Adjournment

1. The Defendant's Adjournment Application is dismissed.

Delivery up of Claimant's property

2. The Defendant shall, by 4pm on 26 January 2024, deliver up the following devices to the Claimant's solicitors:

    2.1. Lenovo 30G1003TUK Desktop, asset name: 8-DW-00002 and serial number: GM01E0GR;

    2.2. MacBook Air 13, asset name: LONLAP00349 and serial number: DVQ7VC4P42; and

    2.3. iPhone 14 Pro Max, asset name: LONMOB0049 (Mobile Number - 07796249901) and serial number: KWNWGGKH45.

Device and account imaging and deletion of Confidential Information

3. In this Order:

    3.1. '**Confidential Information**' shall mean any and all information, data or documentation, in whatever form, disclosed to the Defendant directly or indirectly

by the Claimant or a third party designated by the Claimant, whether orally, in writing, electronically or in any other means pertaining to the business of the Claimant and/or of the nChain group of companies, including any trade secrets, technical or business information, know-how, knowledge or data relating to the nChain group's past, present, planned or foreseeable business or technology.

3.2. '**Custos Group**' shall mean Custos Group Limited (Company Number: 09779283), with its registered office at 42 Lytton Road, Barnet, Hertfordshire, United Kingdom, EN5 5BY.

3.3. '**the Expert**' shall mean the forensic IT expert appointed by the Claimant, being CYFOR Forensics.

4. Subject to paragraph 4.5 of this order, the Defendant shall, by 4pm on 26 January 2024, at a location to be agreed between the parties (failing such agreement at the London offices of the Claimant's solicitors):

    4.1. Surrender the following devices to the Expert: (i) his personal MacBook Air computer, (ii) his personal iPhone and (iii) any other device in the Defendant's possession or control that may contain Confidential Information (together, '**the Defendant's Devices**').

    4.2. Surrender hard copies of any documents in the Defendant's possession or control that contain Confidential Information ('**the Hard Copies**').

    4.3. Provide the Expert with access to: (i) his Custos Group email account (cah@custosgroup.com); (ii) any data storage system operated by or on behalf of the Custos Group, including email and document repositories and any associated backups, that may contain Confidential Information; and (iii) any other data storage system, including email and document repositories and any associated backups, in the Defendant's possession or control that may contain Confidential Information (together, '**the Defendant's Accounts**').

    4.4. Inform the Claimant's solicitors in writing of the location and details of any documents, computers, phones, tablets, storage facilities (including any form of USB, SD card or external hard drive) or other electronic data storage device

3

(including any internet-based facilities such as, without limitation, OneDrive, Dropbox, iCloud, Google Docs, email accounts, Linked In accounts, or other cloud storage facilities) of which the Defendant is aware which may contain Confidential Information and which are in the possession or control of a third party as a result of the Defendant providing such Confidential Information to that third party.

4.5. Notwithstanding the foregoing, the Defendant is entitled to retain access to any and all papers which have been filed by the parties in these proceedings.

5. The Defendant shall (i) provide passwords, credentials and other details sufficient or necessary to give the Expert effective access the Defendant's Devices and the Defendant's Accounts (including any backups); and (ii) cooperate with all reasonable requests made by the Expert to enable the Expert to obtain effective access to the Defendant's Devices and the Defendant's Accounts (including any backups) for the purposes of imaging and listing the same, and reporting to the Court, as provided below.

6. The Claimant shall instruct the Expert to take the following steps as soon as is reasonably practicable in the order set out below:

6.1. To make two full forensic copies (or images) of each of the Defendant's Devices and each of the Defendant's Accounts, to be held by the Expert to the order of the Court.

6.2. To irretrievably delete from the Defendant's Custos Group email account (including all inboxes, outboxes, folders, drafts and deleted items) all emails that contain an @nchain.com email suffix or Confidential Information.

6.3. Save as follows, to search the Defendant's Devices and the Defendant's Accounts for Confidential Information and, where any such information is found, to (i) irretrievably delete it from the Defendant's Devices and the Defendant's Accounts, and (ii) compile a list of all such deleted material ('**the Deleted Data**'). Notwithstanding the foregoing, the Defendant is entitled to retain access to any and all papers which have been filed by the parties in these proceedings.

6.4. To analyse the Defendant's Devices and the Defendant's Accounts with a view to determining whether any data containing Confidential Information has been

4

extracted, transferred, downloaded or uploaded and, if so, identifying the accounts or devices that received the said data.

6.5. To return the Defendant's Devices to the Defendant; to confirm to the Defendant in writing that the Expert no longer requires access to the Defendant's Accounts; and to serve the parties with the full list of Deleted Data.

6.6. To produce a written report to the Court (copies of which are to be provided to the parties) setting out the Expert's findings in respect of the analysis referred to in paragraph 6.4 above.

7. The Claimant is not allowed to access or inspect or use the said copies (or images) referred to in paragraph 6 of this Order without the permission of the Court.

8. The Expert:

8.1. Will take all reasonable steps to ensure that no damage is done to the Defendant's Devices and the Defendant's Accounts or the data contained therein.

8.2. Will not use, deal with or dispose of any information obtained pursuant to this Order for any purpose other than for the purposes of carrying out or complying with this Order.

8.3. Will keep confidential any information learned about the Defendant as a consequence of performing the actions required by this Order.

9. If and to the extent that the Defendant disagrees that any item of Deleted Data contains Confidential Information, the following directions shall apply:

9.1. The Defendant shall, no later than 7 days after service upon him of the list of Deleted Data, notify the Claimant and the Expert which items of Deleted Data he considers do not contain Confidential Information ('**Disputed Deleted Data**').

9.2. The Claimant shall, within 7 days of receipt of the Defendant's notice, notify the Defendant whether or not it considers the Disputed Deleted Data to contain Confidential Information.

9.3. If and to the extent that the Claimant agrees that the Disputed Deleted Data does not contain Confidential Information, the Claimant shall instruct the Expert to provide copies of the same to the Defendant.

9.4. If and to the extent that the Claimant considers that the Disputed Deleted Data contains Confidential Information, the Defendant shall have permission to apply for directions from the Court.

Permission to apply for summary judgment

10. The Claimant is given permission to apply for summary judgment in respect of its claim notwithstanding the Defendant's failure to file an acknowledgement of service.

Permission to amend

11. The Claimant is given permission to amend its name on the Claim Form and on all other Court documents to 'nChain Holding AG'.

Permission to apply

12. The parties have permission to apply.

Costs

13. The Defendant shall pay the Claimant's costs of and occasioned by the Claimant's Application, summarily assessed in the sum of £75,000.

14. The Defendant shall pay the Claimant's costs of and occasioned by the Defendant's Application, summarily assessed in the sum of £19,500.

15. Otherwise, the costs of compliance with paragraphs 4 to 9 above (including the costs incurred by the Expert) shall be costs in the case.

**Schedule A**

The Claimant relied on the following witness statements:

1. The first witness statement of William Anderson dated 13 October 2023.

2. The fourth witness statement of William Anderson dated 2 November 2023.

**Schedule B**

**UNDERTAKINGS GIVEN TO THE COURT BY THE CLAIMANT**

1. If the Court later finds that this Order has caused loss to the Defendant, and decides that the Defendant should be compensated for that loss, the Claimant will comply with any order the Court may make.

2. If the Court later finds that this Order has caused loss to any person or company (other than the Defendant) to whom the Claimant has given notice of this Order, and decides that such person should be compensated for that loss, the Claimant will comply with any Order the Court may make.