# Exhibit 5

IN THE HIGH COURT OF JUSTICE                    Claim No. CL-2023-000745

BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES

COMMERCIAL COURT (KBD)

Before: the Honourable Mr Justice Jacobs
Dated: 19 April 2024

BETWEEN:

NCHAIN HOLDING AG

**Claimant / Applicant**

and

CHRISTEN EUGEN AGER-HANSSEN

**Defendant / Respondent**

---

ORDER

---

PENAL NOTICE

**IF YOU MR CHRISTEN EUGEN AGER-HANSSEN DISOBEY THIS ORDER YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED OR FINED OR HAVE YOUR ASSETS SEIZED.**

**ANY PERSON WHO KNOWS OF THIS ORDER AND DISOBEYS THIS ORDER OR DOES ANYTHING WHICH HELPS OR PERMITS ANY PERSON TO WHOM THIS ORDER APPLIES TO BREACH THE TERMS OF THIS ORDER MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.**

**UPON** the Claimant's application, by application notice dated 2 February 2024 ('**the Application**')

**AND UPON** the Claim Form dated 13 October 2023 ('**the Claim**') and the Particulars of Claim dated 8 December 2023

**AND UPON** the Defendant having not filed an Acknowledgment of Service or a Defence

**AND UPON** the Order of Mr Justice Henshaw dated 19 January 2024 ('**the Second Henshaw Order**') giving permission pursuant to CPR 24.4 (1) to the Claimant to apply for summary judgment

**AND UPON** reading the Sixth Witness Statement of William Anderson dated 2 February 2024 and the Seventh Witness Statement of William Anderson dated 12 April 2024

**AND UPON** hearing Counsel for the Claimant and the Defendant neither appearing nor being represented

**AND UPON** the Court being satisfied that the Defendant has no real prospect of defending the claim and that there is no other compelling reason why the case or issue should be disposed of at a trial

**IT IS ORDERED THAT:**

1. There be Judgment for the Claimant against the Defendant for an injunction and a delivery-up order in the terms set out below.

Definitions

2. In this Order:

    "**Confidential Information**" shall mean any and all information, data or documentation, in whatever form, disclosed to the Defendant directly or indirectly by the Claimant or a third party designated by the Claimant, whether orally, in writing, electronically or in any other means pertaining to the business of the Claimant and/or of the nChain group of companies, including any trade secrets, technical or business information, know-how, knowledge or data relating to the nChain group's past, present, planned or foreseeable business or technology.

Injunction

3. The Defendant must not use, publish or communicate or disclose to any other person (other than (i) any disclosure to a regulator regarding any misconduct, wrongdoing or serious breach of regulatory requirements, or reporting a criminal offence to any law

enforcement agency, or (ii) co-operating with any law enforcement agency regarding a criminal investigation or prosecution):

3.1. the document dated 26 September 2023 and entitled "The Fairway Brief" ("**the Report**");

3.2. all or any part of the attachments (the Attachments) to the Report;

3.3. the USB-stick mentioned in Mishcon de Reya's letter of 23 October 2023; or

3.4. any other Confidential Information within the Defendant's possession or control.

Protection of hearing papers

4. The Defendant must not publish or communicate or disclose or copy or cause to be published or communicated or disclosed or copied any witness statements and any exhibits thereto and Confidential Information contained therein that are made, or may subsequently be made, in support of the Application or the Claimant's solicitors' notes of the hearing of the Application.

Public Domain

5. For the avoidance of doubt, nothing in this Order shall prevent the Defendant from publishing, communicating or disclosing such of the Confidential Information, or any part thereof, as was already in, or that thereafter comes into, the public domain in England and Wales as a result of publication in the national media (other than as a result of a breach of this Order or a breach of confidence or privacy).

Access to Court file

6. Paragraph 4.1 of the Order of Henshaw J dated 13 October 2023 ('**the First Henshaw Order**') is varied to include within it reference to the following confidential exhibits: exhibit WA6, pages 32-41, 46-478 and 550-590.

Interpretation of this Order

7. The Defendant must not do the acts set out in paragraph 3 above himself or in any other way. He must not do them through others acting on his behalf or on his instructions or with his encouragement.

Delivery up of Claimant's property

8. The Defendant shall, by 4pm on 26 April 2024, deliver up the following devices to the Claimant's solicitors:

   8.1. Lenovo 30G1003TUK Desktop, asset name: 8-DW-00002 and serial number: GM01E0GR;

   8.2. MacBook Air 13, asset name: LONLAP00349 and serial number: DVQ7VC4P42;and

   8.3. iPhone 14 Pro Max, asset name: LONMOB0049 (Mobile Number - 07796249901) and serial number: KWNWGGKH45.

Persons outside England and Wales

9. Except as provided in paragraph 10 below, the terms of this Order do not affect or concern anyone outside the jurisdiction of this Court.

10. The terms of this Order will affect the following persons in a country or state outside the jurisdiction of this Court:

    10.1. the Defendant or his officer or agent appointed by power of attorney;

    10.2. any person who –

       10.2.1. is subject to the jurisdiction of this Court;

       10.2.2. has been given written notice of this Order at his residence or place of business within the jurisdiction of this Court; and

       10.2.3. is able to prevent acts or omissions outside the jurisdiction of this Court which constitute or assist in a breach of the terms of this Order; and

       10.2.4. any other person, only to the extent that this Order is declared enforceable by or is enforced by a court in that country or state.

Name and address of the Claimant's legal representatives

11. The Claimant's solicitors are:

11.1. **CMS Cameron McKenna Nabarro Olswang LLP** of Saltire Court, 20 Castle Terrace, Edinburgh EH1 2EN, United Kingdom

Effect of this Order on parties other than the Claimant and the Defendant

12. It is a contempt of court for any person notified of this Order knowingly to assist in or permit a breach of this Order. Any person doing so may be imprisoned, fined or have their assets seized.

Service

13. Personal service of this Order is dispensed with pursuant to paragraph 5 of the First Henshaw Order.

Costs

14. The Defendant shall pay the Claimant's costs of (i) this Application and (ii) the Claim to be assessed on the standard basis of not agreed.

15. The Defendant shall make a payment on account of the costs ordered in paragraph 14 above in the sum of £182,436 by 4pm on 10 May 2024.