# Exhibit 6

**IN THE HIGH COURT OF JUSTICE**     Claim No. CL-2023-000745

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

**COMMERCIAL COURT (KBD)**

CL-2023-000745

08 May 2024

**The Honourable Mr Justice Jacobs**
**Dated: 3 May 2024**

**BETWEEN:**

**NCHAIN HOLDING AG**
**(formerly known as HEH Holding AG)**

Claimant / Applicant

**and**

**CHRISTEN EUGEN AGER-HANSSEN**

**Defendant / Respondent**

_____

**ORDER ON DETERMINATION OF PROCEEDINGS**
**FOR CONTEMPT OF COURT**

_____

**UPON** the Claimant's application, by application notice dated 8 March 2024, for an order determining contempt proceedings ('**the Application**')

**AND UPON** hearing Leading and Junior Counsel for the Claimant, and the Defendant neither appearing nor being represented

**AND UPON** the Court being satisfied beyond reasonable doubt that the Defendant is guilty of contempt of Court by breaching (1) paragraph 6 of the Order of Mr Charles Hollander KC dated 27 October 2023 ('**the Hollander Order**'), (2) paragraph 2 of the Order of Mr Justice Henshaw dated 19 January 2024 ('**the Second Henshaw Order**'), and (3) paragraphs 4.1, 4.2, 4.3 and 4.4 of the Second Henshaw Order, in each case as set out in the Grounds of Contempt listed in the Schedule to this Order

**AND UPON** the matters required by CPR 81.4(2) having been included in the Application

1

**IT IS ORDERED THAT:**

1.  The Defendant be committed to prison for a period of 10 months.

2.  The Defendant shall pay the Claimant's costs of and occasioned by the Application, such costs to be assessed on the standard basis if not agreed.

3.  Pursuant to CPR 81.9(3), the requirement that this Order and the Warrant of Committal be personally served on the Defendant is dispensed with, and the Claimant has permission to serve this Order and the Warrant of Committal on the Defendant by alternative methods (other than personal service) namely by:

    3.1.  Email sent to cah@custosgroup.com, disputeHEH@custosgroup.com and c@agerhanssen.com.

    3.2.  Message to the Defendant's "X" (formerly "Twitter") account "@AgerHanssen".

4.  The Defendant shall make a payment on account of the costs ordered in paragraph 2 above of £60,000 by 4pm on 17 May 2024.

5.  The Defendant may apply under CPR 81.10 to discharge this Order.

6.  The Defendant has the right to appeal.

7.  The Court before which any appeal must be brought is the Court of Appeal.

8.  The Appellant's Notice must be filed at the appeal court by 4pm on 24 May 2024.

9.  A transcript of the judgment given at this hearing will be published on the website of the judiciary of England and Wales.

**SCHEDULE**

**Grounds of Contempt**

1.  **Ground 1**: The Defendant knowingly breached paragraph 6 of the Hollander Order, by failing to swear an affidavit, by 3 November 2023, setting out:

    1.1. "*What Confidential Information he has made available to the public since 27 September 2023, and how he made that information so available*" and

    1.2. "*The identities of all persons to whom the Defendant has provided Confidential Information since 27 September 2023*".

2.  **Ground 2**: The Defendant knowingly breached paragraph 2 of the Second Henshaw Order by failing to deliver up to the Claimants' solicitors by 4 pm on 26 January 2023 the following devices:

    2.1. Lenovo 30G1003TUK Desktop, asset name: 8-DW-00002 and serial number: GM01E0GR;

    2.2. MacBook Air 13, asset name: LONLAP00349 and serial number: DVQ7VC4P42; and

    2.3. iPhone 14 Pro Max, asset name: LONMOB0049 (Mobile Number - 07796249901) and serial number: KWNWGGKH45.

3.  **Ground 3**: The Defendant knowingly breached paragraphs 4.1, 4.2, 4.3 and 4.4 of the Second Henshaw Order by failing to do the following by 4 pm on 26 January 2023:

    3.1. Surrender the following devices to CYFOR Forensics ("**the Expert**"): (i) the Defendant's personal  MacBook Air computer, (ii) his personal iPhone and (iii) any other device in the Defendant's possession or control that may contain Confidential Information (together, '**the Defendant's Devices'**), as required by paragraph 4.1 of the Second Henshaw Order.

    3.2. Surrender hard copies of any documents in the Defendant's possession or control that contain Confidential Information ('the **Hard Copies'**), as required by paragraph 4.2 of the Second Henshaw Order.

3

3.3.    Provide the Expert with access to: (i) his Custos Group email account (cah@custosgroup.com); (ii) any data storage system operated by or on behalf of the Custos Group, including email and document repositories and any associated backups, that may contain Confidential Information; and (iii) any other data storage system, including email and document repositories and any associated backups, in the Defendant's possession or control that may contain Confidential Information (together, 'the **Defendant's Accounts'**), required by paragraph 4.3 of the Second Henshaw Order.

3.4.    Inform the Claimant's solicitors in writing of the location and details of any documents, computers, phones, tablets, storage facilities (including any form of USB, SD card or external hard drive) or other electronic data storage device (including any internet-based facilities such as, without limitation, OneDrive, Dropbox, iCloud, Google Docs, email accounts, Linked In accounts, or other cloud storage facilities) of which the Defendant is aware which may contain Confidential Information and which are in the possession or control of a third party as a result of the Defendant providing such Confidential Information to that third party, required by paragraph 4.4 of the Second Henshaw Order.